UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| REBECCA J. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-710-TAV-HBG |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge H. Bruce Guyton on November 4, 2014 [Doc. 20]. In the R&R, Magistrate Judge Guyton concludes that, while the Administrative Law Judge ("ALJ") failed to specifically consider plaintiff's degenerative disc disease under Listing 1.04A at step three of the analysis, the error is harmless [*Id.* at 13]. The magistrate judge also concludes that the ALJ's determination of plaintiff's credibility is supported by substantial evidence in the record and that plaintiff's argument regarding the hypothetical question to the vocational expert is moot [*Id.* at 19]. Accordingly, Magistrate Judge Guyton recommends that the Court deny plaintiff's motion for judgment on the pleadings [Doc. 16] and grant the Commissioner's motion for summary judgment [Doc. 18]. Plaintiff submitted an objection to the R&R, arguing that the ALJ's step-three analysis, or lack thereof, is not harmless error [Doc. 21]. The Commissioner has not responded.

I.      **Standard of Review**

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b) (2014); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). In addition to reviewing the Commissioner's findings to determine whether they are supported by substantial evidence, the Court reviews the Commissioner's decision to determine whether the conclusions were reached using the correct legal standards and in accordance with the procedures promulgated by the Commissioner. *See Wilson v. Comm'r of Soc. Sec. Admin.*, 378 F.3d 541, 546 (6th Cir. 2004). "'[A]n agency's violation of its

2

procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" *Id.* at 547 (quoting *Connor v. U.S. Civ. Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)). On review, the plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment that were previously addressed by the magistrate judge, then the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937. The United States Court of Appeals for the Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

3

## II. Analysis[1]

Plaintiff objects to the magistrate judge's finding that the ALJ's failure to specifically consider plaintiff's degenerative disc disease under Listing 1.04A is harmless error [Doc. 21 p. 1]. For the reasons explained below, the Court finds plaintiff's objection to be without merit.

To the extent plaintiff's objection repeats arguments made in her initial brief [*compare* Doc. 17 p. 16–21, *with* Doc. 21 p. 1–3], the Court does not consider those arguments as a specific objection. Even so, under *de novo* review, the Court agrees with the magistrate judge's findings regarding the ALJ's analysis at step three.

Under step three of the disability eligibility analysis, a claimant "who meets the requirements of a Listed Impairment will be deemed conclusively disabled, and entitled to benefits." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 415 (6th Cir. 2011). At the outset of the ALJ's analysis, he determined that plaintiff had several severe impairments, including "degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, asthma, and gastritis" [Doc. 13-2 p. 25]. Then, in finding that plaintiff's impairment did not meet or equal a listed impairment, the ALJ explained:

> Neither the claimant nor her representative attorney has identified findings establishing that the claimant has met or equaled any listed impairment. Moreover, the undersigned finds that the record does not establish that the claimant has had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 at any time through the date of this decision. Furthermore, no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment.

---

[1] The Court presumes familiarity with the R&R.

[Doc. 13-2 p. 27–28]. The magistrate judge examined the ALJ's opinion, relevant law, and the parties' arguments, and found that the ALJ's failure to specifically consider plaintiff's degenerative disc disease under Listing 1.04A is harmless error and that the ALJ's step-three conclusion is supported by substantial evidence [Doc. 20 p. 12–15].

Plaintiff's objection relies on *Reynolds v. Commissioner of Social Security*, 424 F. App'x 411 (6th Cir. 2011) [*See* Doc. 21 p. 1–3 (stating that her case "is nearly identical to *Reynolds*")]. In *Reynolds*, the ALJ simply concluded that "Claimant does not have an impairment or combination of impairments which, alone or in combination, meet sections 1.00 or 12.00 of the Listings." 424 F. App'x at 415. The Sixth Circuit remanded to the ALJ, reasoning that "[n]o analysis whatsoever was done as to whether Reynolds' physical impairments . . . met or equaled a Listing" and the ALJ therefore "skipped an entire step of the necessary analysis." *Id.* at 415–16. The Circuit also stated that "the ALJ needed to actually evaluate the evidence, compare it to Section 1.00 of the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review." *Id.* at 416; *see also id.* at 415 ("An administrative law judge must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed impairment.").

Since *Reynolds*, however, the Sixth Circuit has declined to require remand whenever an ALJ provides minimal reasoning at step three of the five-step inquiry. *See Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 364–66 (6th Cir. 2014); *see also Malone v. Comm'r of Soc. Sec.*, 507 F. App'x 470, 472 (6th Cir. 2012) (per curiam)

5

(rejecting argument that ALJ erred by not making specific findings at step three because the ALJ's conclusion was supported by substantial evidence in the record). In *Forrest*, the Circuit recently upheld an ALJ's conclusory finding at step three[2] for two reasons. One, "the ALJ made sufficient factual findings elsewhere in his decision to support his conclusion at step three." 591 F. App'x at 366 (citing *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) (looking to findings elsewhere in the ALJ's decision to affirm a step-three determination, and finding no need to require the ALJ to "spell out every fact a second time"),[3] and *Burbridge v. Comm'r of Soc. Sec.*, 572 F. App'x 412, 417 (6th Cir. 2014) (Moore, Circuit J., dissenting) (acknowledging that an ALJ's step-three analysis was "cursory" but suggesting that, under Sixth Circuit precedent, it is enough for the ALJ to support his findings by citing an exhibit where the exhibit contained substantial evidence to support his conclusion)). Two, even if the ALJ's factual findings failed to support the step-three findings, the error was harmless because plaintiff had not shown that his impairments met or medically equaled in severity any listed impairment. *See id.* (citing *Reynolds*, 424 F. App'x at 416 (finding that ALJ erred by providing no reasons to

---

[2] In *Forrest*, in support of the ALJ's finding at step three, the ALJ stated only that "[t]he record does not contain any clinical findings or diagnostic laboratory evidence of an impairment or combination of impairments that would meet the requirements for any listed physical impairment." 591 F. App'x at 364.

[3] The magistrate judge has considered the analysis in *Reynolds* but finds that the present case is more similar to *Bledsoe v. Barnhart* [*See* Doc. 20 p. 12–13 (citing *Bledsoe*, 165 F. App'x at 411 ("The ALJ did not err by not spelling out every consideration that went into the step three determination . . . . The ALJ described evidence pertaining to all impairments, both severe and non-severe, for five pages earlier in his opinion and made factual findings. The ALJ explicitly stated that he considered the combination of all impairments even though he did not spell out every fact a second time under the step three analysis."))]. The Court agrees.

6

support his finding that a specific listing was not met, and holding that the error was not harmless because it was possible that the claimant had put forward sufficient evidence to meet the listing), and *Audler v. Astrue*, 501 F.3d 446, 448–49 (5th Cir. 2007) (declining to find lack of step-three explanation harmless where claimant carried her burden of showing that she met a listing)).

In plaintiff's underlying brief and her objection, plaintiff argues that she satisfies Listing 1.04A—disorders of the spine [Doc. 17 p. 16–21; Doc. 21 p. 1–3]. To satisfy this listing, plaintiff must show:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04A.

Having reviewed the ALJ's decision as a whole, the Court concludes that the ALJ made sufficient factual findings elsewhere in his decision to support his conclusions at step three [*See, e.g.*, Doc. 13-2 p. 29, 30, 33, 35, 36 (mentioning degenerative disc disease); *id.* at 28 (finding that plaintiff "is able to do frequent climbing of ramps or stairs, balancing or kneeling" but "is limited to occasional climbing of ladder, ropes or scaffolds, stooping, crouching or crawling"); *id.* at 31 (noting that plaintiff "did not appear to give full effort to comply with the examination in several cases" and "was rather dramatic in her pain complaints"); *id.* at 28 (stating that when plaintiff "was in transition and ambulated, no footdrop or instability or any significant difficulty was

7

noted"); *id.* at 29 ("Physical exam findings were normal except for tenderness to palpation of the lumbar spine . . . ."); *id.* at 30 (noting that plaintiff "had full strength and sensation" but "some reduced range of motion of the lumbar and cervical spine with negative straight leg raising"); *id.* at 32 ("Physical exam was normal with full range of motion of the lumbar spine."); *id.* ("Physical exam findings were normal."); *id.* at 35–36 (considering plaintiff's "relatively benign physical exam findings" alongside the "diagnostic evidence of degenerative disc disease")]. As the magistrate judge concluded, "[t]he ALJ included evidence of Plaintiff's degenerative disc disease and made findings of fact about her spinal impairments and Plaintiff's ability to ambulate" [Doc. 20 p. 15 (citing Doc. 13-2 p. 28–36)].

And even assuming the ALJ's stated findings failed to support his step-three conclusions, the Court finds, upon *de novo* review, that the error is harmless. Despite her arguments to the contrary [Doc. 17 p. 18–21], plaintiff has not shown that her impairments meet or medically equal in severity any listed impairment. *Cf. Audler*, 501 F.3d at 448–49 (finding error not harmless when plaintiff submitted a diagnostic checklist from her treating physician meeting elements of Listing 1.04A and no medical evidence contradicted these findings, stating that, "[a]bsent some explanation from the ALJ to the contrary, [plaintiff] would appear to have met her burden of demonstrating that she meets the Listing requirements for § 1.04A"). As the ALJ noted, "no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment" [Doc. 13-2 p. 28]. And the Court agrees with the magistrate judge's

8

analysis of other weaknesses of plaintiff's position [Doc. 20 p. 15]. The record reveals consistent documentation of good range of motion, a lack of evidence of motor, sensory, or reflex loss, as well as instances that call plaintiff's credibility into question [*Id.*].

Although it would have been helpful for the ALJ to expressly address Listing 1.04 at step three, the ALJ fully considered plaintiff's degenerative disc disease elsewhere in his opinion and any error with regard to step three is harmless. Accordingly, the Court finds plaintiff's objection to be without merit.

### III. Conclusion

For the reasons explained above, and upon *de novo* review, plaintiff's objection [Doc. 21] will be **OVERRULED**, and the Court will **ACCEPT IN WHOLE** the R&R [Doc. 20], which the Court will adopt and incorporate into its ruling. Plaintiff's motion for judgment on the pleadings [Doc. 16] will be **DENIED**, the Commissioner's motion for summary judgment [Doc. 18] will be **GRANTED**, the decision of the Commissioner will be **AFFIRMED**, and this case will be **DISMISSED**. An appropriate order will be entered.

ORDER ACCORDINGLY.

    s/ Thomas A. Varlan
    CHIEF UNITED STATES DISTRICT JUDGE